IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SIAVOSH HENAREH,** : | **CIVIL ACTION NO. 1:23-CV-1824** |
| : | |
| **Petitioner** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **WARDEN ARVIZA,** : | |
| : | |
| **Respondent** : | |

**<u>MEMORANDUM</u>**

Petitioner Siavosh Henareh ("Henareh"), an inmate currently confined at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Henareh seeks an order directing the Bureau of Prisons ("BOP") to award him 365 days of earned time credits pursuant to the First Step Act ("FSA").  (<u>Id.</u> at 7; Doc. 2).  For the reasons set forth below, the court will dismiss the habeas petition.

**I.   <u>Factual Background</u>**

Henareh is serving a 210-month term of imprisonment imposed by the United States District Court for the Southern District of New York for conspiracy to import heroin.  (Doc. 7-2 at 5-7, Public Information Inmate Data).  His projected release date is March 20, 2026, via good conduct time release.  (<u>Id.</u>)

Henareh is a citizen and native of Iran.  (<u>Id.</u> at 2-3, Declaration of Jennifer Knepper ("Knepper Decl.") ¶ 7).  On August 23, 2023, the BOP received the Department of Homeland Security's ("DHS") notice of action, which reflects that a

final order of removal has been entered against Henareh. (Id. at 21, DHS Immigration Detainer). The notice was first issued on September 22, 2021, when an immigration detainer was lodged against Henareh during the pendency of removal proceedings. (Id. at 3, Knepper Decl. ¶ 7).

The Administrative Remedy Generalized Retrieval reveals that Henareh has filed twenty (20) administrative remedies while in BOP custody. (Id. at 9-19, Administrative Remedy Generalized Retrieval). It further reveals that none of those administrative remedies concern the claims in the instant habeas petition. (Id.)

In his § 2241 petition, Henareh asserts that he is entitled to the application of 365 days of earned time credits. (Doc. 1 at 7; Doc. 2). Respondent contends that Henareh's § 2241 petition must be dismissed because: (1) he failed to exhaust his administrative remedies; and (2) he is not entitled to the application of earned time credits because he is subject to a final order of removal. (Doc. 7). We address each argument in turn.

## II. Discussion

### A. Exhaustion of Administrative Review

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its

2

expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Henareh concedes that he did not exhaust administrative remedies with regard to his FSA earned time credits. (See Doc. 1 at 2). He has not set forth any argument that he should be excused from exhausting administrative remedies. While the court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a

3

dispute regarding Henareh's eligibility for earned time credits. This issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Henareh's claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials. Because Henareh did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed. See Moscato, 98 F.3d at 762. However, assuming *arguendo* that exhaustion could be excused, Henareh's claim is without merit. Erring on the side of caution, we will alternatively address the merits of the habeas petition.

### B.    Merits of the Habeas Petition

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  See 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation.  See id.  Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation.  See id.  However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) [application of time credits toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i).

Here, respondent presented evidence that Henareh is subject to a final order of removal.  (Doc. 7-2 at 21).  Because of this final order of removal, and pursuant to the plain language of 18 U.S.C. § 3632(d)(4)(E)(i), we cannot grant Henareh the relief he seeks.

### III.  Conclusion

We will dismiss Henareh's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: December 22, 2023